IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TRAVIS SENTELL JONES

v.  Civil No. 1:16-cv-212-HSO
Criminal No. 1:14cr52-HSO-JCG-1

UNITED STATES OF AMERICA

### ORDER DENYING TRAVIS SENTELL JONES'S [28] MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255, AND DENYING AS MOOT TRAVIS SENTELL JONES'S [34] MOTION FOR VOLUNTARY DISMISSAL

BEFORE THE COURT are Travis Sentell Jones's Motion [28] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255, and Jones's Motion [36] for Voluntary Dismissal. After due consideration of the issues, the record, and relevant legal authority, the Court is of the opinion that Jones's § 2255 Motion [28] should be denied without an evidentiary hearing. His Motion [34] for Voluntary Dismissal is rendered moot.

### I. FACTS AND PROCEDURAL HISTORY

On August 5, 2014, a Grand Jury returned a one-count Indictment [3] against Travis Sentell Jones ("Jones"). On October 17, 2014, Jones elected to enter an open plea and pleaded guilty to Count 1 of the Indictment, which charged that

> on or about January 8, 2012, in George County in the Southern Division of the Southern District of Mississippi, the defendant, **TRAVIS SENTELL JONES**, having been previously convicted of a felony, that is a crime punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting commerce a firearm, in violation of

-1-

Sections 922(g)(1) and 924(a)(2), Title 18, United States Code. Indictment [3] at 1.

To assist the Court in sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). *See* PSR [24] (filed under seal). In the PSR, the probation officer recommended that appropriate Guideline to consider was United States Sentencing Guideline § 2K2.1(a)(2) (2014 ed.), which called for a base offense level of 24 because Jones had committed this offense subsequent to sustaining at least two felony convictions for crimes of violence or controlled substance offenses. *Id.* at 6, 8. "Crime of violence" is defined in Guideline § 4B1.2(a).

Jones was sentenced on February 24, 2015, to a term of imprisonment of 120 months as to Count 1 of the Indictment. The Court ordered that upon release from imprisonment, Jones was to be placed on supervised release for a term of three years. The Judgment [26] was entered on February 27, 2015. J. [26] at 1-3. Jones did not file a direct appeal.

On June 17, 2016, Jones filed a Motion [28] through counsel pursuant to 28 U.S.C. § 2255 in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Jones asks the Court to re-sentence him without the application of the § 2K2.1 sentencing enhancement. Mot. [28] at 24. Upon the Government's Motion [32], on August 11, 2016, the Court stayed this action pending the United States Supreme Court's final resolution of *Beckles v. United States*, 137 S. Ct. 886 (2017), which was decided on March 6, 2017.

On March 21, 2017, Jones filed a Motion for Voluntary Dismissal [34] asking the Court to dismiss his § 2255 Motion without prejudice. Mot. for Voluntary Dismissal [34] at 1-2. The Government responds that the Court should deny the § 2255 Motion on its merits or, in the alternative, dismiss it with prejudice. Resp. [35] at 4.

## II. DISCUSSION

A. <u>Jones's § 2255 Motion will be denied without an evidentiary hearing.</u>

Jones relies upon *Johnson* to argue that the "residual clause" of Sentencing Guidelines § 4B1.2(a) is unconstitutionally vague, and that in light of *Johnson*, Powell's previous convictions do not constitute "crimes of violence" under the Guidelines.

*Johnson* held that imposing an increased sentence under the "residual clause" of the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e)(2)(B), violated the Constitution's guarantee of due process. *Johnson*, 135 S. Ct. at 2563. *Welch v. United States,* 136 S. Ct. 1257 (2016), held that the rule announced in *Johnson* applied retroactively to cases on collateral review. *Welch,* 136 S. Ct. at 1268.

The ACCA provided that

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
> (i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii)    is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

18 U.S.C. § 924(e)(2)(B) (emphasis added). The emphasized clause beginning with "or otherwise" was known as the residual clause.

Section 4B1.2(a) of the Sentencing Guidelines previously contained a residual clause that was worded identically to the residual clause contained in the ACCA. *See Beckles v. United States*, 137 S. Ct. 886, 890 (2017) (citing U.S. Sentencing Guidelines Manual § 4B1.2(a)). *Beckles* considered whether the Guidelines' residual clause, like the one in the ACCA, was void for vagueness under the Due Process Clause. *Id*. *Beckles* held that because the Guidelines are advisory, they are not subject to a vagueness challenge under the Due Process Clause, such that § 4B1.2(a)(2)'s residual clause was not void for vagueness. *Id*. at 892.

In the present case, Jones's sentence was not enhanced under the ACCA. As for the residual clause of § 4B1.2, *Beckles* clearly forecloses Jones's arguments. *See Beckles*, 137 S. Ct. at 897. Construing all factual allegations in Jones's favor, he has not shown that he is entitled to any relief under § 2255.

B.  Jones's Motion is untimely.

A § 2255 motion is subject to a one-year statute of limitations that runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims

> presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In filing his § 2255 Motion more than one year after the Judgment [26] became final, Jones appears to rely upon subsection (3). Because *Johnson* does not extend to the Guidelines, *see Beckles*, 137 S. Ct. at 892, Jones has not asserted a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, *see* 28 U.S.C. § 2255(f)(3). Jones's § 2255 Motion is untimely.

### III. CONCLUSION

Because the § 2255 Motion [28], files, and records conclusively show that Jones is entitled to no relief, the Court finds that Jones's Motion [28] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255, should be denied without an evidentiary hearing.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Travis Sentell Jones's Motion [28] of to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255, is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Travis Sentell Jones's Motion [34] for Voluntary Dismissal is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 20th day of September, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE